IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MASONRY INSTITUTE BRICKLAYERS ) <br> LOCAL 21 PENSION FUND, et al., ) <br>   ) <br> Plaintiffs, ) <br> v.  ) <br>   ) <br> UNIQUE MARBLE AND GRANITE CO., ) <br> an Illinois corporation, ) <br>   ) <br> Defendant. ) | <br><br><br><br>No. 08 CV 3976<br><br>JUDGE COAR<br><br>MAGISTRATE JUDGE COLE |

**ANSWER**

NOW COMES the Defendant, UNIQUE MARBLE AND GRANITE CO., an Illinois corporation, by and through its attorney, WILLIAM F. KELLEY of KELLEY, KELLEY & KELLEY, and answering Plaintiffs' Complaint, states as follows:

1.  This action is brought under the provisions of Sections 502(g)(2), (a)(3), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(g)(2), (a)(3), and 1145.

**ANSWER:** Defendant admits Paragraph 1 of the Complaint.

2.  Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA, 29 U.S.C. §§ 1132(e)(1) and (e)(2). Section 502(e)(2) states in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

**ANSWER:** Defendant admits Paragraph 2 of the Complaint.

3.  The MASONRY INSTITUTE, BRICKLAYERS LOCAL 21 PENSION FUND, DISTRICT COUNCIL TRAINING CENTER FUND, AND BRICKLAYERS & STONE

MASONS OF ILLINOIS DISTRICT COUNCIL NO. 1 B.A.C. ANNUITY TRUST FUND ("Funds") receive contributions from numerous employers pursuant to collective bargaining agreements heretofore entered into between District Council No. 1 of the International Union of Bricklayers and Allied Craftsmen ("Union") and Defendant, and the Funds are maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the Funds are administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

**ANSWER:**    Defendant admits Paragraph 3 of the Complaint.

4.    The Fund office is located at 2340 South River Road, Suite 303, Des Plaines, Illinois 60018-3224, and the Funds are administered in the Northern District of Illinois.

**ANSWER:**    Defendant admits Paragraph 4 of the Complaint.

5.    As provided in the Trust Agreement, Plaintiffs are required to receive, hold and manage all monies required to be contributed to the Funds in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreement.

**ANSWER:**    The Trust Agreement speaks for itself and was not attached to the Complaint.

6.    Defendant is an employer engaged in an industry affecting commerce and maintains its principal place of business at 3520 16th Street, Zion, IL 60099.

**ANSWER:**    Defendant admits Paragraph 5 of the Complaint.

7.    Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement or

agreements referred to herein, by the terms of which Defendant was required to contribute to the Funds.

**ANSWER:**   Defendant admits Paragraph 7 of the Complaint.

8.   That from July 1, 2005, through the present, Defendant has employed, and will continue in the future to employ, diverse number of individuals which are unknown to Plaintiffs but are known to Defendant on whose behalf Defendant has failed to report and remit contributions.

**ANSWER:**   Defendant admits employing certain individuals for which certain contributions may still be due and has insufficient information with which to either admit or deny the remaining allegations of Paragraph 8, and, therefore, denies same.

9.   Plaintiffs are entitled to an accounting from Defendant, said accounting to state the number of individuals regularly employed by Defendant, including those regularly employed on a part-time basis, and the length of time all said individuals were employed by Defendant for the period July 1, 2005, through the present.

**ANSWER:**   Defendant has insufficient information to admit or deny the allegations of Paragraph 9 as Defendant does not have possession of the Trust Agreement from which Plaintiff alleges certain rights to an accounting.

10.   Plaintiffs, in their behalf, and on behalf of all employees for whose benefit the Funds were established, have requested Defendant to submit its books and records for an audit as provided for in the Funds' Trust Agreement, which is incorporated into the Bargaining Agreement, but Defendant has refused and failed to perform as herein alleged.

**ANSWER:**   Defendant admits that Plaintiffs had requested that Defendant submit its books

and records for an audit and Defendant has complied with said request and does not have sufficient information to admit or deny the remaining allegations.

11. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreement and the Trust Agreement, and is restrained from continuing to refuse to perform as thereunder required.

**ANSWER:** Defendant denies the allegations of Paragraph 11 insofar as Defendant is voluntarily complying with its obligations as Defendant understands such obligations.

WHEREFORE, Defendant prays that this action be dismissed and for such other and further relief as this Court may determine just and proper.

    Respectfully submitted,

    KELLEY, KELLEY & KELLEY


    /s/ William F. Kelley
    One of Defendant's Attorneys


William F. Kelley
KELLEY, KELLEY & KELLEY
Attorneys for Defendant
1535 West Schaumburg Road
Schaumburg, Illinois 60194
(847) 895-9151

STATE OF ILLINOIS     )
                      ) SS:
COUNTY OF COOK        )

## VERIFICATION BY CERTIFICATION

      The undersigned, certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

      UNIQUE MARBLE & GRANITE CO.

      /s/ Daniel Hahn, Pres.
      DANIEL HAHN

SUBSCRIBED and SWORN
to before me this   26   day
of   August  , 2008.


/s/ Nicole M. Swanson
Notary Public




William F. Kelley
KELLEY, KELLEY & KELLEY
Attorneys for Plaintiff
1535 West Schaumburg Road
Schaumburg, Illinois 60194
(847) 895-9151